UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
___:24-CV-____

KEENYA ELLIS,

    Plaintiff,

v.

GOHEALTH LLC,

    Defendant.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

NOW COMES Plaintiff, Keenya Ellis, by and through the undersigned counsel, complaining of the Defendant, GOHEALTH LLC, and alleges as follows:

## I. INTRODUCTION & JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, et seq. ("Title VII"), and 42 U.S.C. § 1981.

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343, this being a proceeding to enforce rights and remedies secured under Title VII. Jurisdiction is also conferred upon this Court by 42 U.S.C § 2000(3) et seq., and 28 U.SC. § 1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of Defendant complained of herein which violated rights secured to the Plaintiff by Title VII.

## II. PARTIES

4. Plaintiff, an African American female, is a citizen and resident of Charlotte, North Carolina.

5. Defendant, GOHEALTH, LLC, is a Limited Liability Corporation organized and existing according to Illinois law, engaged in the business of marketplace health insurance. The corporate address of GOHEALTH LLC., is 222 Merchandise Mart Plaza, Suite 1750, Chicago, IL 60654.

6. Defendant operates an office branch located at 10101 Claude Freeman Dr Suite 100W, Charlotte, NC 28262.

7. Defendant can be served at its corporate address or through its agent for service of process at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

### III. FACTS

8. Plaintiff adopts and reasserts the allegations contained in the above paragraphs as if fully set forth herein.

9. Keenya Ellis ("Plaintiff") was employed by GOHEALTH LLC, as a Human Resources Business Partner "HRBP" around August 2016.

10. During her tenure, Plaintiff never received disciplinary action.

11. Plaintiff handled several racial investigations while employed and began reporting to the Senior Director of Human Resources, Courtney Luff ("Luff").

12. Luff addressed the Plaintiff as a "black girl" during a conversation.

13. When this situation was bought to the attention of the Plaintiff's reporting Director, he communicated it to the Vice President of Human Resources.

14. Nothing was done as it relates to conversation between the Plaintiff and Luff.

15. Plaintiff was told to have a personal conversation with the Luff to address the issue.

16. Plaintiff was later moved to a different department and Luff became her manager.

17. Shortly thereafter, the Plaintiff spoke with the Luff regarding racial investigations that were either swept under the rug, or there wasn't a sense of urgency but were given to the Plaintiff to complete.

18. The Defendant has two sides to the company, Captive and Enterprise Solutions.

19. The Plaintiff worked primarily for Enterprise Solutions for over six (6) years.

20. On or about February 6, 2023, Plaintiff was transferred to another business unit named Captive. Benjamin Pryor ("Pryor") because her Team Lead who was promoted to HR Manager.

21. On April 21, 2023, the Plaintiff was issued a Performance Improvement Plan (PIP.)

22. The Performance Improvement Plan was to last for sixty (60) days.

23. Plaintiff was the only African American woman in the company cited in the PIP for "infractions" that men and people who identify other than African American routinely commit without reprimand.

24. During that time, the Plaintiff's medical provider put her on medical leave.

25. The Performance Improvement Plan was extended with an end date of August 1, 2023.

26. During the Plaintiff's approved medical leave, the business reached out several times with frivolous communications and instructed third-party vendors to contact the Plaintiff to appear for unemployment hearings.

27. Upon the Plaintiff's return from medical leave, Pryor at no time indicated a cause for concern while the Plaintiff managed groups.

28. Pryor didn't provide any feedback from the Plaintiff's managers that the Plaintiff supported in work.

29. Pryor did not provide any feedback regarding any of the communication that was related to the reason why the Plaintiff was on the Performance Improvement Plan.

30. After questioning a revamped disciplinary policy, the Plaintiff's Performance Improvement Plan was amended by Luff for poor performance which included administrative tasks and communication style.

31. No verbal or written warning was offered to the Plaintiff.

32. The Performance Improvement Plan failed to list any actionable items or tangible deliverables.

33. The plaintiff's employment was terminated on August 2, 2023.

34. Plaintiff's race was a factor when Defendant terminated her employment.

35. The termination resulted in economic loss and emotional harm to Plaintiff.

## IV. CLAIMS FOR RELIEF
### First Claim for Relief – Race Discrimination

36. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

37. Defendant discriminated against Plaintiff through disparate treatment when it terminated Plaintiff.

38. Race was a factor in the decision to terminate Plaintiff.

39. Administrators of other races were not reassigned or placed on Performance Improvement Plan for similar behavior alleged by Defendant against the Plaintiff.

40. Individuals who performed the same or similar job functions as Plaintiff and who held the same or similar position were not terminated.

41. Defendant's actions complained of herein subjected Plaintiff to discrimination on the basis of her race, in violation of Title VII.

42. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $10,000.00.

## V. CLAIMS FOR RELIEF

### Second Claim for Relief – Violation of 42 U.S.C. § 1981

43. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

44. Section 1981 (a) guarantees that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…as is enjoyed by white citizens."

45. Section 1981(b) more fully defines the right "to make and enforce contracts" as "includ[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

46. Section 1981 is not limited to existing contractual relationships.

47. As a Black person, Plaintiff is a member of a protected class under 42 U.S.C. § 1981 and possesses the right to make and enforce contracts that is protected by 42 U.S.C. S 1981.

48. Defendant does business in North Carolina and is a private entity subject under federal law to suits to enforce rights guaranteed by 42 U.S.C. § 1981.

49. Plaintiff was engaged in activity protected by 42 U.S.C. § 1981 when he was employed by Defendant.

50. Plaintiff's wrongful termination by Defendant constituted a successful attempt to interfere with, deter, and prevent Plaintiff from enjoying his right to continue his employment contract with Defendant.

51. With discriminatory intent, Defendant intentionally interfered with Plaintiff's federally protected right to make and enforce contracts in violation of 42 U.S.C. § 1981, specifically terminating his employment and preventing him from continuing his employment contract.

52. The actions of Defendant proximately and directly caused Plaintiff grievous injury and harm, including the denial of federally and constitutionally protected rights, public embarrassment, severe emotional distress, injury to dignity, anguish, humiliation, and personal degradation on the basis of race.

53. The actions of Defendant were intentional, deliberate, reckless, hurtful, wanton, discriminatory, and done in reckless disregard of the rights of Plaintiff, including his civil and constitutional rights.

54. As a direct result of Defendant's actions, Plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $10,000.00.

## VI. DAMAGES

55. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

56. As a result of the discrimination complained of herein, Plaintiff has been deprived of her rights protected by Title VII and 42 U.S.C. § 1981.

57. By reason of Defendant's conduct and as a proximate result thereof, Plaintiff has suffered the loss of a career and has suffered emotional distress.

58. As a direct result of Defendant's actions, Plaintiff has suffered economic damages and emotional distress, in an amount in excess of $10,000.00.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

59. Plaintiff realleges and incorporates all the proceeding paragraphs by reference.

60. The EEOC issued a Determination of Charge and Notice of Right to Sue on October 24, 2023. Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right to Sue.

61. Plaintiff has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

## VIII. JURY TRIAL DEMANDED

62. Plaintiff hereby demands a trial by jury.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

1) Declare the actions complained of herein to be illegal;

2) Issue an injunction enjoining Defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with Defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice to be shown in violation of Title VII of the Civil Rights Action of 1964;

3) Award Plaintiff compensatory damages, including damages for mental anguish and stress, and harm to Plaintiff's career opportunities;

4) Award Plaintiff back pay, front pay, and all other economic damages to provide whole relief;

5) Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses; and,

6) Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 22 day of January, 2024.

/s/Walter L. Bowers, Jr.
Walter L. Bowers, Jr., NC Bar No. 47590
WOODEN BOWERS, PLLC
10130 Mallard Creek Road, Suite 300
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
Email: wbowers@wbvlaw.com
*Attorney for the Plaintiff*

8